# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| Ronniebel Addy | § § | |
| Plaintiff, | § | |
| v. | § | Civil Action File No.: 1:21-cv-05175-MLB-WEJ |
| | § | |
| Rivermont Country Club | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Ronniebel Addy and files this, her Complaint for Equitable Relief and Damages, showing the Court the following:

## INTRODUCTION

1.

Plaintiff, a black female and a legal immigrant from west Africa, brings this action against Defendant, Rivermont Country Club ("Rivermont"), after its manager fired her, telling her that she should "go back to your country, you don't belong here."

1

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Ronniebel Addy ("Ms. Addy") is an individual residing in Atlanta, Georgia. A legal immigrant from Liberia, Ms. Addy has work experience in the United States as a human resources recruiter and a doctor's office assistant.

3.

Defendant Rivermont is a Georgia business located at 3130 Rivermont Parkway, Johns Creek, Georgia 30022. Rivermont operates a country club, providing golf, dining, and banquet services to an exclusive clientele.

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under Title VII and 42 U.S.C. § 1981.

5.

Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Rivermont is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

6.

This Court has personal jurisdiction over Defendant Rivermont because it is located and transacts significant business in this District.

7.

All conditions precedent to the institution of this suit have been fulfilled. On September 14, 2021, Plaintiff Addy timely filed charges with the Equal Employment Opportunity Commission, Charge No. 410-2021-05143. The Notice of Right to Sue was mailed on September 24, 2021. This action has been filed within ninety days of receipt of said Notice.

## **FACTS**

8.

On or around June 10, 2021, Ms. Addy interviewed for a bartender and server position with Rivermont's Club House Manager, Mr. Robert Lane.

9.

During the interview, Mr. Lane asked where Ms. Addy was from, and Ms. Addy confirmed that she is from Liberia. They also discussed Ms. Addy's scheduling needs as a single mother. Although shifts for Rivermont servers typically end around 10:30 pm, Mr. Lane agreed that Ms. Addy's shift would end around 6:00 pm so Ms. Addy could pick up her daughter from daycare before the daycare closed.  Rivermont agreed to hire Ms. Addy under these terms.

10.

On June 13, 2021, Janice Gazaway, the food and beverage manager for Rivermont, texted Ms. Addy a picture of her schedule for the upcoming week. Ms. Addy was scheduled to begin work on June 16, 2021, when she would undergo an orientation. Ms. Addy was also scheduled to work June 17, June 18, June 20, and June 21.

11.

Ms. Addy began work as planned on June 16, and Mr. Lane conducted an orientation session. Ms. Addy continued training under Mike, a bartender for Rivermont. Ms. Addy received positive feedback from these Rivermont employees and various Rivermont customers during these first days.

12.

Ms. Gazaway had not met Ms. Addy during her interview process.  When Ms. Gazaway first met and began working with Ms. Addy, Ms. Gazaway immediately struck a negative tone towards Ms. Addy, treated her rudely and followed her and stared at her for no discernable reason.  Ms. Gazaway did not treat the other similarly situated employees (whom were predominately white) this way.  Even though these similarly situated employees did not wear masks (and at least one was not vaccinated), Ms. Gazaway angrily yelled at Ms. Addy about her face mask, telling her to pull up her mask (which was too big and had fallen

beneath her nose but still covered her mouth) even though Ms. Addy was using two hands to carry a tray at the time and was not able to adjust her mask while carrying the tray.  Ms. Addy discussed this later with Mr. Lane, and Mr. Lane told her she did not have to wear a mask. Following this interaction, Mr. Lane went on vacation and was absent for the remainder of the week.

13.

On or around June 18, Ms. Gazaway confronted Ms. Addy for a second time about not wearing a mask properly. Ms. Addy did her best to comply with Gazaway's mask request, even though the other employees were not wearing a mask. Ms. Gazaway continued her rude treatment of Plaintiff, followed her around the workplace for no discernable reason, and threatened to "clock you out."

14.

Following this second incident with Ms. Gazaway, Ms. Addy reported Gazaway's behavior to Shirlee Brewer, the manager for Rivermont in charge of human resources.

15.

On or around June 20, while Ms. Addy was working, Gazaway rudely confronted Ms. Addy about her schedule accommodations, demanding to know why Ms. Addy was leaving at 6:00 p.m.  Ms. Addy asked Gazaway to check with Mr. Lane since he had agreed to the details of her schedule. In response, Gazaway

grew frustrated and told Ms. Addy: "I don't know why you're here. Go back to your country. You do not belong here."  Ms. Addy tried to walk away, but Gazaway followed behind Ms. Addy and asked to her to leave. Ms. Addy was confused, and sought to talk with Ms. Brewer and thus did not immediately leave. Ms. Gazaway threated to call the police in order to have Plaintiff forcibly ejected. Another Rivermont employee told Ms. Addy she should leave because the police were coming.

16.

Rivermont sent Ms. Addy home and terminated her employment.

## **COUNT ONE: LIABILITY FOR NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**

17.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

18.

Ms. Addy has a national origin from Liberia; therefore, she belongs to a protected class under Title VII.

19.

While working for Rivermont, Ms. Addy performed her job duties as expected and received positive feedback from customers.

20.

Because of Ms. Addy's national origin, Rivermont employee Janice Gazaway singled-out and scrutinized her workplace behavior. Similarly situated Rivermont employees did not receive the same scrutiny or termination of employment.

21.

Rivermont employee Janice Gazaway made blatant remarks to Ms. Addy about her national origin which indicated she was not welcome as an employee at Rivermont because of that national origin.

22.

Directly following these blatant and disparaging remarks, Rivermont terminated Ms. Addy's employment because of her national origin and in violation of Title VII's prohibition on discrimination on the basis of national origin.

## COUNT TWO: LIABILITY PERSUANT TO 42 U.S.C. § 1981

23.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

24.

Ms. Addy is a black woman from Liberia; therefore, she belongs to a racial minority.

24.

25.

While working for Rivermont, Ms. Addy performed her duties as expected. She received positive feedback from employees and customers regarding her job performance.

26.

In the above-described workplace incidents, Ms. Addy was singled-out because of her race and ancestry. She received greater scrutiny than her white coworkers regarding masks in the workplace. Furthermore, Ms. Gazaway's remarks indicated that Ms. Addy was unwelcome as a result of her race and ancestry.

27.

In terminating Plaintiff Addy's employment, Defendant Rivermont acted with an intentionally discriminatory motive.

28.

Defendant Rivermont's discriminatory termination of Ms. Addy because of her race was in violation of 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

a. That Plaintiff have and recover compensatory damages from Defendants back pay and benefits, with prejudgment interest thereon;

b. That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further discriminating in the hiring of employees because of their national origin or race;

c. That Plaintiff have and recover punitive damages pursuant to all applicable federal laws;

d. That Plaintiff have and recover his attorney's fees and costs, and expenses of litigation; and

e. Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Plaintiff demands a trial by jury.**

This 20th day of December, 2021.

Respectfully submitted,

By: */s/ Douglas Kertscher*_____
Douglas R. Kertscher
Georgia State Bar No. 416265
*Attorney for Plaintiff*

HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd
Suite 1050
Atlanta, Georgia 30339

Telephone: 679-384-7440
Email: drk@hkw-law.com